UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID MAES (#563625)

VERSUS                                         CIVIL ACTION

LOUISIANA DEPARTMENT OF                        NUMBER 13-595-JJB-SCR
CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 13, 2014.

                             STEPHEN C. RIEDLINGER
                             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID MAES (#563625)

VERSUS                                                CIVIL ACTION

LOUISIANA DEPARTMENT OF                               NUMBER 13-595-JJB-SCR
CORRECTIONS, ET AL

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment. Record document number 14. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Warden Burl Cain, Camp C Warden Tim Delaney, Maj. Phillip Maples and Capt. Wells. Plaintiff alleged that he was sprayed with a chemical agent without provocation, Warden Cain and Warden Delaney failed to take action to curb the physical abuse of prisoners, and Warden Cain and Warden Delaney failed to protect him from an unprovoked assault in retaliation for filing administrative grievances, all in violation of his constitutional rights. Plaintiff further alleged a state tort battery claim.

Defendants[2] moved for summary judgment relying on a statement

---

[1] Record document number 19.

[2] Defendants Louisiana Department of Public Safety and
(continued...)

of undisputed facts, the results of Administrative Remedy Procedure
("ARP") CPCC-2012-0375, a copy of the disciplinary report issued
October 27, 2012, a copy of the Warden's Unusual Occurrence Report,
copies of log book entries, copies of the plaintiff's medical
records, a copy of Directive No. 09.002, and a copy of Department
Regulation No. C-01-008 and C-02-006.[3]

## I. Factual Allegations

Plaintiff alleged that on October 27, 2012, he and another inmate were restrained and escorted to the shower. Plaintiff alleged that while the two inmates were showering they heard Maj. Maples and Capt. Wells discuss making examples of them.

Plaintiff alleged that while he and the other inmate were getting dressed, Maj. Maples and Capt. Wells came to the shower cell and Capt. Wells ordered them to strip and come to the cell bars. Plaintiff alleged that the two inmates were ordered to open

---

[2](...continued)
Corrections and Capt. Wells were not served with the summons and complaint and did not participate in the defendants' motion for summary judgment. A notation made in the Remarks section of the Process Receipt and Return Form USM-285 filed December 23, 2013 stated that the Louisiana Department of Public Safety and Corrections "[D]id not accept [service] for: Louisiana Dept. Of Corrections - Not a person; Captain Wells - Need 1st name." Record document number 9. Despite notification that these defendants were not served, the plaintiff did not move to extend the time to serve them, took no action to provide the U.S. Marshal with a correct service address for them, and did not made any other effort to obtain service on these defendants.

[3] Record document number 10, under seal.

2

their mouths, lift their arms and effectively to bend over and spread their buttocks for visual inspection. Plaintiff alleged that Capt. Wells sprayed a chemical agent on the other inmate's anus, face, penis and testicles. Plaintiff alleged he was then sprayed in a similar manner. Plaintiff alleged that he and the other inmate were sprayed constantly with a chemical agent for approximately 10 minutes.

Plaintiff alleged that Maj. Maples and Capt. Wells left the tier for approximately 10 minutes, then returned to the unit and searched every cell on the tier.

Plaintiff alleged that the defendants turned the hot water on and ordered him and the other inmate to shower together under one shower head and each time they bumped into one another they were sprayed with a chemical agent. Plaintiff alleged that this went on for approximately 10 to 20 minutes during which time the plaintiff begged them to stop. Plaintiff alleged that the defendants cursed at them, made vulgar comments to them and threatened to physically harm them if they reported the incident.

Plaintiff alleged that not long after the incident Capt. Wells was fired and Maj. Maples was transferred to another camp.

Plaintiff alleged that he filed an ARP regarding the incident which was investigated by Warden Delaney. Plaintiff alleged that Warden Delaney must have limited his investigation to the statements provided by Maj. Maples and Capt. Wells.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

### B. Failure to Exhaust Administrative Remedies

Defendants argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding all claims against them.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available

4

administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), abrogated in part by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. Id., 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who must be named in a prison grievance in order to properly exhaust

the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

Plaintiff alleged that he exhausted available administrative remedies regarding the claims raised in the complaint in ARP CPCC-2012-0375.[4] The summary judgment evidence showed that the plaintiff filed ARP CPCC-2012-0375 on November 19, 2012, and it was accepted on December 28, 2012.[5] Plaintiff complained that on October 27, while housed on Tiger unit, he and his cell mate were in the shower while other inmates on the tier were being loud and rowdy. Plaintiff complained that he and his cell mate overhead Capt. J. Wells and an unidentified captain and lieutenant discuss shutting up the inmates on the tier by making an example of the two inmates in the shower. Plaintiff complained that he and his cell

---

[4] Record document number 1-1, pp. 1-2.

[5] Record document number 14-1, p. 3.

6

mate were ordered to get undressed and step to the shower cell bars. Plaintiff complained that he and his cell mate were sprayed with a chemical agent in their mouths and eyes and on their genitals for approximately 10 minutes.[6]

The summary judgment evidence showed that Maj. Phillip Maples provided an ARP Statement in which he indicated that he and Capt. Wells were two of the officers present on Tiger 1 Left on October 27, 2012, when the plaintiff and the other inmate were sprayed with a chemical agent.[7]

The summary judgment evidence showed that the plaintiff exhausted available administrative remedies as to Maj. Maples regarding the claim of use of excessive use of force on October 27, 2012. Insofar as the plaintiff alleged that Maj. Maples sexually assaulted him, violated the Prison Rape Elimination Act of 2003 and committed an assault and battery under state law, he failed to exhaust available administrative remedies regarding these claims. In addition, the summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding any claim against defendants Warden Cain and Camp C Warden Delaney.

As noted above, the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice

---

[6] *Id.* at 4.

[7] *Id.* at 8.

to a particular official that he may be sued. However, a grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit.

Plaintiff's claims against Maj. Phillip Maples, except for the plaintiff's claim that on October 27, 2012, Maj. Maples subjected him to an excessive use of force, should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.

Plaintiff's claims against Warden Burl Cain and Camp C Warden Tim Delaney should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion for Partial Summary Judgment be granted, in part, (1) dismissing all of the plaintiff's claims against Warden Burl Cain and Camp C Warden Tim Delaney, and (2) dismissing all of the plaintiff's claims against Maj. Phillip Maples, except for the plaintiff's excessive force claim against Maj. Maples, with the dismissals being based on the plaintiff's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a),

and with prejudice to refiling the complaint in forma pauperis.[8]

It is further recommended that the claims against the Louisiana Department of Public Safety and Corrections and Capt. Wells be dismiss for failure to serve these defendants pursuant to Rule 4(m), Fed.R.Civ.P., and the case be referred back to the magistrate judge for further proceedings on the plaintiff's claim that Maj. Maples subjected him to an excessive use of force on October 27, 2012.

Baton Rouge, Louisiana, June 13, 2014.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[8] *Underwood v. Wilson*, 151 F.3d at 296.