UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID MAES (#563625)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF                         NUMBER 13-595-JJB-SCR
CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 21, 2015.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID MAES (#563625)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF                         NUMBER 13-595-JJB-SCR
CORRECTIONS, ET AL

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendant Phillip Maples' Cross Motion for Summary Judgment. Record document number 30. The motion is not opposed.

Pro se plaintiff, while confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, LSP Warden Burl Cain, Camp C Warden Tim Delaney, Maj. Phillip Maples and Capt. Wells. Plaintiff alleged that he was sprayed with a chemical agent without provocation in violation of his constitutional rights.[1]

Defendant Maj. Maples moved for summary judgment relying on a statement of undisputed facts, his affidavit and the affidavit of

---

[1] Plaintiff's claims against the Louisiana Department of Public Safety and Corrections, Warden Cain, Warden Delaney and Capt. Wells were previously dismissed. Record document number 21. In addition, all of the plaintiff's claims against Maj. Maples, except for the plaintiff's excessive force claim against him, were previously dismissed. *Id.*

James Bueche, excerpts from the plaintiff's deposition taken July 24, 2014, the results of Administrative Remedy Procedure ("ARP") CPCC-2012-0375, a copy of the disciplinary report issued October 27, 2012, a copy of the Tiger 1 & 2 Unit Chemical Agent Logbook dated October 27, 2012, a copy of the plaintiff's master prison record, and copies of the plaintiff's medical and mental health records.[2]

## I. Factual Allegations

Plaintiff alleged that on October 27, 2012, he and another inmate were restrained and escorted to the shower. Plaintiff alleged that he heard Maj. Maples and Capt. Wells "say that they were going to make examples of out of us to show the rest of the tier how (Angola doesn't play)."[3] Plaintiff alleged that while he and the other inmate were getting dressed, Maj. Maples and Capt. Wells came to the shower cell and Capt. Wells ordered them to strip and come to the cell bars. Plaintiff alleged that the two inmates were ordered to open their mouths, lift their arms and effectively to bend over and spread their buttocks for visual inspection. Plaintiff alleged that Capt. Wells sprayed a chemical agent on the other inmate's anus, face, penis and testicles. Plaintiff alleged he was then sprayed in a similar manner. Plaintiff alleged that he

---

[2] Record document number 29, under seal.

[3] Record document number 1, p. 3.

and the other inmate were sprayed constantly with a chemical agent for approximately 10 minutes.

Plaintiff alleged that Maj. Maples and Capt. Wells left the tier for approximately 10 minutes, then returned to the unit and searched every cell on the tier.

Plaintiff alleged that the defendants turned the hot water on and ordered him and the other inmate to shower together under one shower head and each time they bumped into one another they were sprayed with a chemical agent. Plaintiff alleged that this went on for approximately 10 to 20 minutes during which time the plaintiff begged them to stop. Plaintiff alleged that the defendants cursed at them, made vulgar comments to them and threatened to physically harm them if they reported the incident.

Plaintiff alleged that not long after the incident Capt. Wells was fired and Maj. Maples was transferred to another camp.

## II. Applicable Law and Analysis

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow*

*Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012).  The court need only consider cited materials, but it may consider other materials in the record.  Rule 56(c)(1)(3).

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, *supra*; *Whitley v. Albers*, *supra*.  A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).
call him the name.

The summary judgment evidence showed that on October 27, 2012, at approximately 9:30 p.m., the plaintiff and inmate Davaeya Anderson were given several direct orders to come to the shower cell bars to be restrained so they could be returned to their cells and both refused to comply.[4]  Maj. Maples exited the tier, retrieved a can of chemical agent and returned to the shower where he once again ordered the plaintiff and inmate Anderson to come to the cell bars to be restrained.[5]  When both inmates refused to comply with his orders, Maj. Maples released the chemical agent in

---

[4] Record document number 30-10, p. 2, Affidavit Phillip Maples.

[5] *Id.*

4

the shower cell to gain their compliance.[6] After being sprayed with the chemical agent, both inmates complied with Maj. Maples' orders.[7] Following the incident, the plaintiff was given a clean jumpsuit and was examined by medical personnel.[8]

Plaintiff's medical records showed that the plaintiff denied needing medical treatment and his physical examination by medical personnel was unremarkable.[9]

The summary judgment evidence showed that as a result of the incident the plaintiff was charged with aggravated disobedience and subsequently pled guilty to the disciplinary charge.[10]

There is no evidence in the record that the plaintiff was made to stand under hot water in the shower or that he was sprayed with a chemical agent when he bumped into his inmate Anderson.

The summary judgment evidence showed that the plaintiff created a disturbance in the shower cell and refused to comply with orders to come to the cell bars to be restrained. The summary judgment evidence showed that as a result of the plaintiff's refusal to comply with direct orders, Maj. Maples sprayed the plaintiff with a chemical agent in a good faith effort to restore

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Record document number 29 *SEALED*, p. 2.

[10] Record document number 30-6, p. 2.

discipline. There is no evidence that the plaintiff was injured as a result of being sprayed with a chemical agent. Defendant is entitled to summary judgment as a matter of law.

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367. The court should decline to exercise supplemental jurisdiction over any state law claim alleged by the plaintiff.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Cross Motion for Summary Judgment be granted and this action be dismissed without prejudice to any state law claim.

Baton Rouge, Louisiana, April 21, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

6